**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **KATELYN HAPP, individually and on behalf of all others similarly situated,**<br><br>Plaintiff,<br><br>vs.<br><br>**FIRST MANAGEMENT SERVICES, LLC,**<br><br>Defendant. | Cause No. 1:23-cv-00078<br><br>JURY TRIAL DEMANDED |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff Katelyn Happ, individually and on behalf of all others similarly situated, by and through her attorneys Brown, LLC and Barkan Meizlish DeRose Cox, LLP, for her Collective and Class Action Complaint against Defendant First Management Services, LLC, states and avers as follows:

**INTRODUCTION**

1. This is a collective and class action brought pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 by Plaintiff Katelyn Happ, individually and on behalf of all similarly situated persons employed by Defendant, arising from Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq.* and attendant regulations, 34 Pa. Code § 231.1, *et seq.* as well as the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1 *et seq.*

2. Defendant's business includes providing CDL-licensed drivers to perform both school bus and charter transportation services.

3. Plaintiff and other hourly-paid, non-exempt employees of Defendant who worked as dispatchers and mechanics regularly worked over 40 hours per week, but did not receive

overtime compensation for all such hours due to Defendant's common unlawful policies that violate the FLSA, PMWA, and WCPL, including causing hourly-paid employees to report fewer hours on their timesheets than they actually worked.

4. Plaintiff brings her FLSA claims (Count I) on a collective basis pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all other similarly situated hourly-paid, non-exempt dispatchers and mechanics employed by Defendant at any time within the three years preceding the commencement of this action through the date of judgment (the "Collective"), and seeks declaratory relief and unpaid overtime pay, liquidated damages, fees and costs, and any other remedies to which they may be entitled.

5. Plaintiff brings her PMWA and WCPL claims (Counts IV and V), pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all other similarly situated hourly-paid, non-exempt dispatchers and mechanics employed by Defendant in Pennsylvania at any time within the three years preceding the commencement of this action through the date of judgment, and seeks declaratory relief and unpaid straight-time wages and overtime, liquidated damages, fees and costs, and any other remedies to which she may be entitled.

## THE PARTIES

6. Plaintiff Katelyn Happ is an adult individual who resides in Beaver County, Pennsylvania.

7. Plaintiff Katelyn Happ was employed by Defendant as a dispatcher from approximately February 2018 to February 2022, and worked in Ellwood City, Pennsylvania.

8. Defendant First Management Services, LLC is a Delaware limited liability company based in Cincinnati, Ohio.

9. Defendant First Management Services, LLC's registered agent for service of process in Ohio is CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.

11. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

12. The Court has personal jurisdiction over Defendant because it is domiciled in Ohio.

13. Venue is proper under 28 U.S.C. § 1391(b) because Defendant resides in this District.

## FACTUAL ALLEGATIONS

14. Defendant has and continues to employ dispatchers and mechanics.

15. Dispatchers and mechanics were non-exempt employees under the FLSA, the PMWA, and the WCPL.

16. Dispatchers and mechanics were paid an hourly rate of pay.

17. Defendant paid dispatchers and mechanics based on the number of hours they reported on their timesheets.

18. Dispatchers and mechanics were scheduled to work at least 5 shifts in most weeks, with most, if not all, shifts lasting at least 8 hours.

19. Dispatchers and mechanics regularly worked more hours in a day and/or week than the hours for which they are scheduled.

20. Dispatchers and mechanics regularly worked in excess of 8 hours in a day and/or 40 hours in a week.

21. Defendant maintained a *de facto* policy of prohibiting dispatchers and mechanics from reporting more hours in a day and/or week on their timesheets than the hours for which they are scheduled.

22. Defendant's *de facto* policy causes dispatchers and mechanics to only report their scheduled hours on their timesheets, despite working additional hours.

23. As a result, in many weeks dispatchers and mechanics have not been paid for all hours worked, including hours in excess of 40 in a workweek.

24. Defendant knew and/or recklessly disregarded that its dispatchers and mechanics were working hours in addition to those for which they were scheduled and/or reported in the timekeeping system.

## COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff repeats and re-alleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

26. Plaintiff brings this claim for relief for violation of the FLSA, both individually and as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). The proposed collective is defined as follows:

> *All hourly-paid, non-exempt dispatchers and mechanics employed by Defendant at any time within the three years preceding the commencement of this action through the date of judgment.*

(the "FLSA Collective").

27. With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under

4

29 U.S.C. § 216(b).  The collective of employees on behalf of whom Plaintiff bring this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan (i.e. Defendant causing hourly-paid employees to report fewer hours on their timesheets than they actually worked); and (c) their claims are based upon the same factual and legal theories.

28. The employment relationships between Defendant and every FLSA Collective member are the same and differ only by name and rate of pay. The key issues—the amount of uncompensated time owed to each Collective member—do not vary substantially among the Collective members.

29. Plaintiff estimates the FLSA Collective, including both current and former employees over the relevant period, will include several hundred members. The precise number of Collective members should be readily available from a review of Defendant's personnel and payroll records.

## RULE 23 CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action pursuant to Fed R. Civ. P. 23(b)(2) and (b)(3) on her own behalf and on behalf of:

> *All hourly-paid, non-exempt dispatchers and mechanics employed by Defendant in Pennsylvania at any time within the three years preceding the commencement of this action through the date of judgment.*

(the "Rule 23 Pennsylvania Class")

Plaintiff reserves the right to amend this definition as necessary.

31. The members of the Rule 23 Pennsylvania Class are so numerous that joinder of all Class members in this case would be impractical. Plaintiff reasonably estimates that there are at least 40 Class members. Class members should be easy to identify from Defendant's computer

systems and electronic payroll and personnel records.

32. There is a well-defined community of interest among Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the Class. These common legal and factual questions, include, but are not limited to, the following:

   a. Whether Class members worked more than forty (40) hours per week;

   b. Whether Defendant's policies caused Class members to not report hours worked over forty (40) in a workweek in their timesheets;

   c. Whether Defendant knew that Class members were not reporting hours worked over forty (40) in a workweek on their timesheets; and

   d. Whether Defendant's conduct was willful and/or not in good faith.

33. Plaintiff's claims are typical of those of the Class in that she and all other Class members suffered damages as a direct and proximate result of Defendant's common and systemic payroll policies and practices. Plaintiff's PMWA, and WCPL claims arise from the same policies, practices, promises and course of conduct as all other Class members' claims and their legal theories are based on the same legal theories as all other Class members.

34. Plaintiff will fully and adequately protect the interests of the Class and has retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Neither Plaintiff nor her counsel have interests that are contrary to, or conflicting with, the interests of the Class.

35. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer. Prosecution of this

case as a Rule 23 Class action will also eliminate the possibility of duplicative lawsuits.

36. This case will be manageable as a Rule 23 Class action. Plaintiff and her counsel know of no unusual difficulties in this case and Defendant has advanced, networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

37. Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

38. Because Defendant acted and refused to act on grounds that apply generally to the Class and declaratory relief is appropriate in this case with respect to the Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

**COUNT I**
**(Brought on an Individual and Collective Basis)**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT,**
**29 U.S.C. § 201, *et seq*. -- FAILURE TO PAY OVERTIME**

39. Plaintiff re-alleges and incorporates all previous paragraphs herein.

40. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

41. At all times relevant to this action, Defendant was an employer under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, *et seq*.

7

42. Defendant is an enterprise whose annual gross volume of sales made or business done exceeds $500,000.

43. Defendant is an enterprise that has had employees engaged in commerce or in the production of goods for commerce, and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

44. At all times relevant to this action, Defendant "suffered or permitted" Plaintiff and other FLSA Collective members to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

45. Plaintiff and other FLSA Collective members worked many workweeks in excess of 40 hours within the last three years.

46. Defendant caused Plaintiff and other members of the FLSA Collective to not report all of the hours they worked in excess of forty (40) in a workweek.

47. At all times relevant to this action, Defendant failed to pay Plaintiff and other FLSA Collective members for all hours worked in excess of 40 in a workweek.

48. Defendant's management knew or should have known that the Plaintiff and other members of the FLSA Collective were working hours in excess of 40 hours per week, without overtime compensation of one-and-one-half (1.5) their pay for hours worked in excess of 40 per week.

49. Defendant's violations of the FLSA were knowing and willful. *See* 29 U.S.C. § 255(a) ("[A] cause of action arising out of a willful violation [of the FLSA] may be commenced within three years….").

50. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or his unpaid wages (and unpaid overtime if applicable) plus an

additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

## COUNT II
### (Brought on an Individual and Class Basis)
### VIOLATIONS OF PMWA, 43 P.S. LABOR § 333.104(c)
### FAILURE TO PAY OVERTIME

51. Plaintiff re-alleges and incorporates all previous paragraphs herein.

52. 43 P.S. Labor § 333.104(c) provides, in relevant part:

> Employes shall be paid for overtime not less than one and one-half times the employe's regular rate as prescribed in regulations promulgated by the secretary.

53. At all times relevant to this action, Defendant was an employer under 43 P.S. § 333.103(g), subject to the provisions of the PMWA.

54. At all times relevant to this action, Plaintiff and other Rule 23 Pennsylvania Class members were "employees" of Defendant within the meaning of 43 P.S. § 333.103(h).

55. Plaintiff and other Rule 23 Pennsylvania Class members worked many workweeks in excess of 40 hours within the last three (3) years.

56. Defendant caused Plaintiff and other Rule 23 Pennsylvania Class members to not report all of the hours they worked in excess of forty (40) in a workweek.

57. At all times relevant to this action, Defendant failed to pay Plaintiff and other Rule 23 Pennsylvania Class members for all hours worked in excess of 40 in a workweek.

58. Defendant's management knew or should have known that the Plaintiff and other Rule 23 Pennsylvania Class members were working hours in excess of 40 hours per week, without overtime compensation of one-and-one-half (1.5) their pay for hours worked in excess of 40 per week.

59. 43 P.S. Labor § 333.113 provides that as a remedy for a violation of the PMWA, an employee is entitled to her unpaid wages (and unpaid overtime if applicable) plus costs and reasonable attorneys' fees.

## COUNT III
### (Brought on an Individual and Class Basis)
### VIOLATIONS OF WPCL, 43 P.S. LABOR § 260.3
### FAILURE TO PAY WAGES DUE

60. Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

61. 43 P.S. Labor § 260.3(a) provides, in relevant part:

> Every employer shall pay all wages, other than fringe benefits and wage supplements, due to his employes on regular paydays designated in advance by the employer. Overtime wages may be considered as wages earned and payable in the next succeeding pay period..

62. At all times relevant to this action, Defendant was an employer under 43 P.S. § 260.2a, subject to the provisions of the WPCL.

63. At all times relevant to this action, Defendant had an implied contract with Plaintiff and other Rule 23 Pennsylvania Class members to pay each employee for each hour they worked at their regularly hourly rate.

64. Each Rule 23 Pennsylvania Class member's contractual hourly rate is identified in paystubs and other records that Defendant prepares as part of its regular business activities.

65. Plaintiff and other Rule 23 Pennsylvania Class members performed under the contract by doing their jobs and carrying out the work that Defendant required or accepted.

66. By not paying Plaintiff and other Rule 23 Pennsylvania Class members the agreed upon hourly wage for all hours worked, Defendant failed to pay wages due to Plaintiff and other Rule 23 Pennsylvania Class members.

67. Plaintiff's and other Rule 23 Pennsylvania Class members' remedies under the FLSA are inadequate in this case to the extent Defendant paid them more than the federally mandated minimum wage of $7.25 per hour but less than 40 hours per week (i.e., "gap time" claims).

68. 43 P.S. Labor § 260.9a provides that as a remedy for a violation of the WPCL, an employee is entitled to her unpaid wages (and unpaid overtime if applicable) plus costs and reasonable attorneys' fees, as well as liquidated damages an amount equal to twenty-five percent (25%) of the total amount of wages due, or five hundred dollars ($500), whichever is greater. 43 P.S. Labor § 260.10.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff Katelyn Happ, individually and on behalf of all others similarly situated, by and through her attorneys, request an entry of an Order the following relief:

    a. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count I);

    b. Certifying this action as a class action (for the Rule 23 Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's PMWA, WPCL, and common law claims (Counts II - III);

    c. Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all Collective members and Rule 23 Class members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

    d. Designating Plaintiff as the representative of the FLSA Collective and undersigned counsel as Collective counsel for the same;

    e. Designating Plaintiff as the representative of the Rule 23 Pennsylvania Class and undersigned counsel as Class counsel for the same;

    f. Declaring Defendant willfully violated the FLSA and the Department of Labor's attendant regulations as cited herein;

    g.    Declaring Defendant violated 43 P.S. Labor § 333.104(c) and 43 P.S. Labor § 260.3(a) and that said violations were intentional, willfully oppressive, fraudulent and malicious;

    h.    Granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff and the FLSA Collective and Rule 23 Class the full amount of damages and liquidated damages available by law;

    i.    Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

    j.    Awarding pre- and post-judgment interest to Plaintiff on these damages; and

    k.    Awarding such other and further relief as this Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff Katelyn Happ, individually and on behalf of all others similarly situated, by and through her attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled cause.

Dated: February 10, 2023

RESPECTFULLY SUBMITTED,

By: /s Nicholas Conlon
Nicholas Conlon (will PHV)
nicholasconlon@jtblawgroup.com
**BROWN, LLC**
111 Town Square Place, Suite 400
Jersey City, NJ 07310
Phone: (877) 561-0000
Fax: (855) 582-5297

*Lead Counsel for Plaintiff*

*/s/Robert E. DeRose*
Robert E. DeRose (OH Bar No. 0055214)
Jacob A. Mikalov (OH Bar No. 0102121)
**BARKAN MEIZLISH DEROSE COX, LLP**

        4200 Regent Street, Suite 210
        Columbus, Ohio 43219
        Phone: (614) 221-4221
        Facsimile: (614) 744-2300
        bderose@barkanmeizlish.com
        jmikalov@barkanmeizlish.com

        *Local Counsel for Plaintiff*