IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| KATELYN HAPP and RAYCHELLE PHILLIPS, individually and on behalf of all others similarly situated, | : : : | Case No. 1:23-cv-78 |
| | : | Judge Matthew W. McFarland |
| Plaintiffs, | : : | |
| v. | : : | |
| FIRST MANAGEMENT SERVICES, LLC, | : : | |
| Defendant. | : | |

**ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS (Doc. 25)**

This matter is before the Court on Defendant's Partial Motion to Dismiss (Doc. 25). Plaintiff filed a Response in Opposition to the motion (Doc. 32), to which Defendant filed a Reply in Support (Doc. 38). Thus, this matter is ripe for the Court's review. For the reasons below, Defendant's Partial Motion to Dismiss (Doc. 25) is **GRANTED**.

### ALLEGED FACTS AND PROCEDURAL POSTURE

Plaintiffs Katelyn Happ and Raychelle Phillips are former employees of Defendant First Management Services, LLC. (Am. Compl., Doc. 14, ¶¶ 9, 11.) Happ worked in Defendant's Pennsylvania office. (*Id.* at ¶ 9.) Phillips worked in Defendant's California office. (*Id.* at ¶ 11.) While employed by Defendant, Plaintiffs regularly worked over forty hours in a workweek but were prohibited from reporting those overtime hours. (*Id.* at ¶¶ 25-28.) Resultantly, Plaintiffs were not paid for all the hours they worked, including those hours worked in excess of 40. (*Id.* at ¶¶ 29-36.)

Plaintiffs bring this action against Defendant individually and on behalf of all other employees who are similarly situated. (Am. Compl., Doc. 14, ¶ 1.) Plaintiffs allege the following claims: (1) Failure to Pay Wages for All Overtime Hours Worked in violation of the Fair Labor Standards Act ("FLSA"); (2) Failure to Pay Wages for All Overtime Hours Worked in violation of the Pennsylvania Minimum Wage Act; (3) Failure to Pay Wages for Non-Overtime Hours Worked in violation of the Pennsylvania Wage Payment and Collection Law; (4) Failure to Pay Wages for Overtime Hours Worked in violation of California Labor Code §§ 510, 1198; (5) Failure to Pay Wages for Non-Overtime Hours Worked in violation of California Labor Code §§ 204, 221-223, 1194; (6) Failure to Provide Meal and Rest Periods in violation of California Labor Code §§ 226.7, 512, 558; (7) Failure to Reimburse Business Expenses in violation of California Labor Code § 2802; (8) Late Pay and Waiting Time Penalties in violation of California Labor Code §§ 201-203; and (9) Unfair Competition Law in violation of California Business and Professions Code §§ 17200-17209. (*Id.* at ¶¶ 63-141.)

Defendant now moves to dismiss all of Plaintiffs' state law claims against it under Federal Rule of Civil Procedure 12(b)(1). (*See* Motion to Dismiss, Doc. 25.)

## LAW

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a claim for lack of subject-matter jurisdiction. A party may raise a facial attack or a factual attack to subject-matter jurisdiction under Rule 12(b)(1). *Golden v. Gorno. Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). Defendant brings a facial attack. (*See* Motion to Dismiss, Doc. 25.) A facial attack "questions merely the sufficiency of the pleading" in alleging subject-

matter jurisdiction and thus the Court takes the allegations raised in the complaint as true. *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). The plaintiff bears the burden of proving that jurisdiction is proper. *Cob Clearinghouse Corp. v. Aetna U.S. Healthcare, Inc.*, 362 F.3d 877, 881 (6th Cir. 2004) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)).

## ANALYSIS

In general, federal courts have original jurisdiction over a case if it arises under federal law or if the parties are diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331-32. The parties do not dispute that this Court has original jurisdiction over Plaintiffs' FLSA claim. (*See* Motion to Dismiss, Doc. 25; Response in Opp., Doc. 32.) If a court has original jurisdiction over one claim, the court can exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). "Claims form part of the same case or controversy when they derive from a common nucleus of operative facts." *Blakely v. United States*, 276 F.3d 853, 861 (6th Cir. 2002) (citation omitted).

That said, "[t]he decision to exercise supplemental jurisdiction 'is committed to the district court's discretion and is not mandatory.'" *Filing v. Phipps*, No. 5:07-cv-1712, 2008 U.S. Dist. LEXIS 142989, at *4 (N.D. Ohio Oct. 17, 2008) (quoting *Cemer v. Marathon Oil Co.*, 583 F.2d 830, 832 n.2 (6th Cir. 1978)); *see also Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003) ("Supplemental jurisdiction is a doctrine of discretion, not of plaintiff's right.").

"[E]ven if a district court has supplemental jurisdiction under § 1367(a), § 1367(c) makes clear that it need not exercise that jurisdiction in certain circumstances." *Filing*, 2008 U.S. Dist. LEXIS 142989, at *4. Specifically, § 1367(c) provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if —
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). In addition to considering the circumstances enumerated in § 1367(c), "courts should treat the state law claims 'in the manner that best serves the principles of [judicial] economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine.'" *Filing*, 2008 U.S. Dist. LEXIS 142989, at *5 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)).

In its motion, Defendant requests that this Court decline to extend supplemental jurisdiction over Plaintiffs' state law claims and dismiss them accordingly. (Motion to Dismiss, Doc. 25.) Plaintiffs do not oppose the dismissal of most of their state law claims, but request that this Court exercise supplemental jurisdiction over their claims for unpaid overtime wages brought under Pennsylvania and California law. (Response in Opp., Doc. 32, Pg. ID 207.) Defendant maintains that these remaining state law claims should still be dismissed based on their distinct class structure, as well as the distinct factual and legal

4

analysis required for them. (Reply in Support, Doc. 38.)

To begin, courts have declined to exercise supplemental jurisdiction over these sorts of "hybrid" actions, wherein a case includes both a FLSA opt-in collective action and a state-law, opt-out class action. *See, e.g., Jackson v. City of San Antonio*, 220 F.R.D. 55, 60 (W.D. Tex. 2003); *Woodard v. FedEx Freight E., Inc.*, 250 F.R.D. 178, 183-91 (M.D. Pa. 2008); *Ellis v. Edward D. Jones & Co., L.P.*, 527 F. Supp. 2d 439, 453 (W.D. Pa. 2007). Courts take issue with hybrid actions for a multitude of reasons, including concerns of confusion among existing and potential parties, the "thwarting" of Congress' intent in creating the FLSA opt-in requirement, and potential for predomination by the state-class plaintiffs over the FLSA-class plaintiffs. *See id.; see also McClain v. Leona's Pizzeria, Inc.*, 222 F.R.D. 574, 577 (N.D. Ill. 2004); *De Jesus De Luna-Guerrero v. N. Carolina Grower's Ass'n*, 338 F. Supp. 2d 649, 653 (E.D. N.C. 2004). These concerns are "particularly relevant" where, as here, a plaintiff asks the court to exercise supplemental jurisdiction over multiple state class actions. *See In re Am. Family Mut. Ins. Co. Overtime Pay Litig.*, 638 F. Supp. 2d 1290, 1299 (D. Colo. 2009). The multitude of concerns over this type of hybrid action sway this Court against extending supplemental jurisdiction.

Other considerations encourage this Court to decline to extend supplemental jurisdiction over Plaintiffs' state law claims. For example, Plaintiffs' California claim requires a distinct factual and legal analysis that does not apply to the FLSA claim. *See Woods v. First Transit, Inc.*, No. 1:21-cv-739, 2021 U.S. Dist. LEXIS 193546, at *14-15 (N.D. Ohio Oct. 7, 2021) ("While the discovery required for the overtime claims will involve similar sets of records, the evaluation of the California records will require an

5

individualized analysis better performed by a California court."). Additionally, juror confusion will likely be avoided if the state claims were removed from this case. *See Reid v. City of Detroit*, No. 18-13681, 2019 U.S. Dist. LEXIS 203923, at *14 (E.D. Mich. Nov. 25, 2019).

Moreover, considerations of judicial economy weigh against exercising supplemental jurisdiction over Plaintiffs' state law claims. Plaintiffs do not oppose the dismissal of most of their state law claims. (*See* Response in Opp., Doc. 32.) Dismissing all of Plaintiffs' state law claims would allow Plaintiffs to proceed with all of their state law claims together, in each respective state court. In turn, judicial economy and convenience would be served by dismissing all of Plaintiffs' state law claims together. *Woods*, 2021 U.S. Dist. LEXIS 193546, at *26.

Thus, weighing these considerations, as well as considerations of convenience and fairness to the parties, the Court finds the exercise of supplemental jurisdiction over Plaintiffs' state law claims inappropriate. The Court, therefore, declines supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 and dismisses those claims without prejudice.

## CONCLUSION

Based on the foregoing reasons, Defendant's Partial Motion to Dismiss (Doc. 25) is **GRANTED** and Plaintiffs' state law claims against Defendant are **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND
